# EXHIBIT 1

Exhibit 1 - Page 4



**Service of Process Transmittal**
11/05/2014
CT Log Number 526023066

TO: Cecilia Sanchez
ABM Industries Incorporated
8101 West Sam Houston Parkway, Suite 150
BU 1037
Houston, TX 77072

RE: **Process Served in California**

FOR: ABM Security Services, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vardan Karapetyan, an individual appearing and on behalf of others similarly situated, Pltf. vs. ABM Industries Incorporated, etc., et al. including ABM Security Services, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Amendment to Complaint, Summons, First Amended Complaint, Attachment(s), Order(s), Stipulation(s), Conference(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Commonwealth Ave., CA Case # BC559671 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay overtime wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/05/2014 at 13:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Drew E. Pomerence 5820 Canoga avenue suite 250 Woodland hills, CA 91367 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 771760668959 Image SOP Email Notification, SOP Group ServiceofProcess@abm.com Email Notification, Debora Wallace Debora.Wallace@abm.com Email Notification, Tricia Donnell tricia.donnell@abm.com Email Notification, Becky Bollman becky.bollman@abm.com Email Notification, Rich LeBlanc richard.leblanc@abm.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / SJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit 1 - Page 5

11/5/14
1:40

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Drew E. Pomerance, Esq (SBN10123)<br>Marina N. Vitek, Esq. (SBN 183397)<br>ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP<br>5820 Canoga Avenue, Suite 250<br>Woodland Hills, CA. 91367 | | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 15 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: P. Pleasant, Deputy |
| ATTORNEY FOR (Name): Plaintiff Vardan Karapetyan and the Classes | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: 111 North Hill Street, Los Angeles, CA 900012   LA CA 90005 |
|---|
| PLAINTIFF:<br>VARDAN KARAPETYAN AND THE CLASSES |
| DEFENDANT:<br>ABM INDUSTRIES INCORPORATED |

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC559671 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

| FICTITIOUS NAME |
|---|
| DOE 1 |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| ABM SECURITY SERVICES, INC., a California Corporation |

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/12/2014 | Marina N. Vitek | *[signature] Marina N. Vitek* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

| INCORRECT NAME |
|---|
| |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| |

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | **AMENDMENT TO COMPLAINT**<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

Exhibit 1 - Page 6

SUM-100

**SUMMONS** on First Amended Class
**(CITACION JUDICIAL)** Action Complaint

| |
|---|
| FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
| CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 15 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: P. Pleasant, Deputy |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ABM INDUSTRIES INCORPORATED, a Delaware Corporation and
DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VARDAN KARAPETYAN, an individual appearing individually and on
behalf of others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ~~Stanley Mosk Courthouse~~ Central Civil West<br>~~111 North Hill Street, Los Angeles, CA 90012~~ 600 S. Commonwealth LA, CA 90005<br>Central District | CASE NUMBER:<br>*(Número del Caso):*<br>BC559671 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Drew E. Pomerance, Roxborough, Pomerance, Nye & Adreani 5820 Canoga Ave., #250, Woodland Hills, CA

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* OCT 15 2014 | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* P. Pleasant | , Deputy<br>*(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doe 1
3. ☒ on behalf of *(specify):* ABM Security Services, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor) a California
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee) Corporation
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1 - Page 7

Drew E. Pomerance, Esq. (SBN 10123)
Michael B. Adreani, Esq. (SBN 194991)
Marina N. Vitek, Esq. (SBN 183397)
ROXBOROUGH, POMERANCE, NYE & ADREANI LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999; Fax: (818) 992-9991

Allen B. Felahy, Esq. (SBN 190177)
Oscar Ramirez, Esq. (SBN 236768)
Mitchel A. Brim, Esq. (SBN 239341)
FELAHY TRIAL LAWYERS, APC
4000 Cover Street, Suite 100
Long Beach, California 90808
Tel: (562) 499-2121; Fax: (562) 499-2124

George Chakmakis, Esq. (SBN 162634)
Matthew P. Blair, Esq. (SBN 278411)
CHAKMAKIS & ASSOCIATES
301 N. Canon Drive, Suite 315
Beverly Hills, California 90210
Tel: (310) 550-1555; Fax: (310) 550-1151

Attorneys for Plaintiff,
VARDAN KARAPETYAN and the Classes

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 15 2014

Sherri R. Carter, Executive Officer/Clerk
By: P. Pleasant, Deputy

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST**

| | |
|---|---|
| VARDAN KARAPETYAN, an individual appearing individually and on behalf of others similarly situated, | CASE NO.  BC559671 |
| Plaintiff, | (CLASS ACTION) |
| vs. | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| ABM INDUSTRIES INCORPORATED, a Delaware Corporation and DOES 1-50, inclusive, | 1.  **FAILURE TO PAY ALL WAGES;**<br>2.  **FAILURE TO PAY OVERTIME WAGES;** |
| Defendants. | 3.  **FAILURE TO FAILURE TO PROVIDE MEAL BREAKS AND FAILURE TO PAY MEAL PERIOD WAGES DUE;**<br>4.  **FAILURE TO PROVIDE REST BREAKS AND FAILURE TO PAY REST BREAK WAGES DUE;**<br>5.  **FAILURE TO PAY WAGES TIMELY ON TERMINATION;** |

1

6.   **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;**
7.   **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et seq.; AND**
8.   **PENALTIES PURSUANT TO THE LABOR CODE PRIVATE ATTORNEY GENERAL ACT**

**JURY TRIAL DEMANDED**

Plaintiff VARDAN KARAPETYAN, on behalf of himself and others similarly situated, and on behalf of the general public, complain of Defendants, and each of them, as follows:

## INTRODUCTION

1.      This matter is brought as a class action pursuant to California Code of Civil Procedure § 382, on behalf of Plaintiff and the Class, which is defined more specifically below, but which is generally comprised of current and former security guards employed by ABM Industries, Incorporated, and any parent, subsidiary or affiliated companies (hereinafter collectively referred to as "ABM" or "Defendants"), within the State of California during the four years prior to the filing of this action.

2.      For at least four years prior to the filing of this action and continuing to the present Defendants have had a consistent policy of failing to pay all wages due, including overtime at premium rates and failing to provide and pay wages due for meal breaks and rest breaks to all of their security guard employees.

3.      Plaintiff, on behalf of himself and the Class, brings this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1194, Labor Code §§ 2698, 2699, *et seq.*, and Business and Professions Code §§ 17200, et seq., seeking compensation for all unpaid wages, for the failure to provide meal and rest breaks, for the failure to provide accurately itemized wage statements, injunctive relief, equitable relief (including restitution and disgorgement of all benefits Defendants enjoyed form their failure to provide full compensation and from failing to timely pay all wages), reasonable attorneys' fees and costs, and other damages as may be deemed appropriate.

2

4.      Pursuant to Labor Code §§ 203 and 2699, Plaintiff, on behalf of himself and the Class, seeks penalties for Defendants' failure to provide full compensation for all hours worked, failure to furnish accurately itemized wage statements, and the failure to timely pay wages when due and/or on discharge or resignation.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to the provisions of the California Labor Code, as well as Business & Professions Code § 17200, et seq. Venue is proper in Los Angeles County pursuant to Code of Civil Procedure §§ 395 and 395.5 because Defendants operate within California and their principal place of business is in the County of Los Angeles.

6.      The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

7.      Plaintiff has complied with the requirements of California Labor Code §§ 2699.3 of the Labor Code Private Attorney General Act of 2004 ("PAGA") and therefore entitled to bring a claim for penalties under PAGA on behalf of himself and as a representative of other individuals who are similarly situated. On September 8, 2014, a letter was sent by certified mail to Defendant and the California Labor and Workforce Development Agency giving notice of Defendants violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698, et seq. More than thirty-three (33) days have passed since Plaintiff gave his notice to the LWDA thereby allowing Plaintiff to bring this civil action.

## THE PARTIES

8.      Plaintiff VARDAN KARAPETYAN ("KARAPETYAN") is a resident of Los Angeles County, California. Plaintiff KARAPETYAN was employed by Defendants from approximately July 2011 to October 2013 as a security guard in and around Southern California.

9.      The members of the proposed Class are current and/or former employees of Defendants, employed by Defendants within the State of California as security guards. Like Plaintiff, the members of the proposed Class were not paid compensation for all hours worked, were

3

1   not paid at the proper hourly rates, were not provided meal or rest breaks, and were not paid their

2   wages timely.

3          10.    Plaintiff is informed and believes and thereon alleges that Defendant ABM

4   INDUSTRIES INCORPORATED is a corporation, organized and existing pursuant to the laws of

5   the State of California with its primary place of business in Los Angeles County, California.

6   Defendant ABM INDUSTRIES INCORPORATED operates within the State of California and the

7   wrongful conduct alleged herein occurred in the State of California and County of Los Angeles.

8          11.    The true names and capacities, whether individual, corporate, associate, or

9   otherwise, of Defendants sued herein in as DOES 1 through 50, inclusive, are currently unknown to

10  Plaintiff, who therefore sues said Defendants by such fictitious names under Code of Civil

11  Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the

12  Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts

13  referred to herein including, without limitation, liability as a parent, subsidiary, or other affiliated

14  company, or partner, joint venture, agent, officer, director, employer, employee or servant of any

15  other Defendant.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names

16  and capacities of the Defendants designated hereinafter as DOES when such identities become

17  known.

18         12.    Plaintiff is informed and believes and based thereon alleges that each Defendant

19  named herein was the agent, servant, or employee of the other defendants, and was acting as the

20  agents, servants, or employees of the other defendants in doing the acts herein alleged.  Plaintiff is

21  further informed and believes and thereon alleges that each Defendant was acting within the course

22  and scope of said agency, service, or employment at all relevant times herein for the benefit of

23  themselves, each other, and the other Defendants, and that each Defendant's actions as alleged

24  herein was authorized and/or ratified by the other Defendants. Plaintiff is further informed and

25  believes and based thereon alleges that each Defendant employed and/or exercised control over the

26  wages, hours, and/or working conditions of Plaintiff and the Class, either directly or indirectly, or

27  through an agent or other person.

28  ///

## FACTUAL BACKROUND

13.     During the four year period preceding the filing of this Complaint (the "Class Period"), Plaintiff and the Class members were employed by Defendants as security guards in the State of California.  The terms and conditions of employment between Plaintiff and the Class members on the one hand, and Defendants on the other hand, were and are governed by the California Labor Code, Title 8, California Code of Regulations, §§ 11000, et seq., and Industrial Welfare Commission Wage Order 4-2001. Pursuant to such statutes, regulations and Wage Order, Plaintiff and the Class members are classified as non-exempt employees and, based thereon, are entitled to overtime pay for hours worked in excess of eight (8) hours in any workday or more than 40 hours in any workweek.

14.     During the Class Period, Defendants have failed to pay Plaintiff and the Class members for all hours worked and, as a result, have required Plaintiff and the Class members to work for less than the legal minimum wage.

15.     During the Class Period, Defendants have routinely required Plaintiff and the Class members to work overtime and have failed and refused to pay Plaintiff and the Class members for such overtime hours. As a result, Plaintiff and the Class members have not been paid all wages due and owing to them.

16.     During the Class Period, Defendants have routinely failed to provide Plaintiff and the Class with lawful meal and rest breaks.  Based on Defendants' failure to provide lawful meal and rest breaks, Plaintiff and the Class members are entitled to an additional one (1) hour of pay at their regularly hourly rate for each missed meal and/or rest break.

17.     Additionally, during the Class Period Defendants have failed to maintain accurate records of the hours worked by Plaintiff and the Class and failed to provide accurate and complete wage statements. The wage statements provided by Defendants to Plaintiff and the Class members failed to accurately reflect the number of regular hours and the number of overtime hours worked by Plaintiff and the Class as well as the amount of regular wages earned and overtime wages earned.

18.     Defendants further failed to pay all wages due and owing to Plaintiff and the Class members on their discharge and/or resignation.  Specifically, Class members who were discharged

5

1  and/or resigned their employment with Defendants during the Class Period were not paid for all

2  regular hours worked, overtime hours worked, and missed meal and rest breaks. As such, during the

3  Class Period and continuing to the present, Defendants have had a consistent policy of failing to

4  provide Class members all wages due to them on discharge and/or resignation.

5       19.    The labor law violations herein alleged were and are willful and deliberate, and were

6  taken pursuant to, and resulted from Defendants' common policies, patterns and practices, which

7  Defendants applied uniformly and consistently to Plaintiff and all Class members, and which have

8  resulted in the unjust enrichment of Defendants at the expense of Plaintiff and the Class members.

9

10  <u>**CLASS ACTION ALLEGATIONS**</u>

11       20.    Plaintiff brings this action on behalf of himself and all others similarly situated as a

12  class action, pursuant to California Code of Civil Procedure § 382. The classes which Plaintiff seeks

13  to represent are composed of, and defined as follows:

14           <u>Security Guard Class:</u>

15              All persons who are or were employed by Defendants as security guards in

16              California during the Class Period.

17           <u>Terminated Security Guard Subclass:</u>

18              All members of the Security Guard Class whose employment ended during the

19              Class Period

20       21.    Plaintiff is informed and believes and based thereon alleges that the Class Period for

21  this action is the period commencing four years prior to the filing of this Action through and

22  including the date judgment is entered herein.

23       22.    The members of the Classes are so numerous that the individual joinder of all

24  members is impracticable. While the exact number and identification of class members are unknown

25  to Plaintiff at this time, and can only be ascertained through appropriate discovery directed to

26  Defendants, Plaintiff is informed and believes that the Classes include potentially hundreds of

27  members.

28  ///

6

23.     Common questions of law and fact exist as to all members of the Classes which predominate over any questions affecting individual members of the Classes. These common legal and factual questions, which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member, include, without limitation, the following:

a.     Whether Defendants failed to timely compensate members of the Classes with all wages pursuant to Labor Code § 204;

b.     Whether Defendants failed to pay overtime wages as required by the California Labor Code and IWC Wage Order 4-2001;

c.     Whether Defendants failed to provide lawful meal breaks and pay appropriate wages for missed meal breaks;

d.     Whether Defendants failed to provide lawful rest breaks and pay appropriate wages for missed meal breaks;

e.     Whether Defendants violated Labor Code §§ 201-203 by unlawfully failing to pay all wages due and owing at the time that Plaintiff or any Class Member was discharged or resigned their employment with Defendants;

f.     Whether the wage statements provided to Plaintiff and the Class members by Defendants were complete and accurate;

g.     Whether Defendants are liable for penalties pursuant to Labor Code § 2698, *et seq.*;

h.     Whether Defendants violated California Business & Professions Code § 17200, *et seq.*, by failing, *inter alia*, to pay overtime wages as required by the California Labor Code and IWC Wage Order 4-2001; and

i.     Whether Plaintiff and the Class members are entitled to equitable relief pursuant to California Business & Professions Code § 17200, *et seq.*

24.     The claims of the named Plaintiff are typical of the claims of the respective Classes which he seeks to represent. Plaintiff and all members of the proposed Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws,

7

1    regulations and wage orders governing Defendants' employment of Plaintiff and the Class members.

2      25.     A class action is superior to other available means for the fair and efficient

3 adjudication of this controversy. Individual joinder of all proposed Class members is not practicable,

4 and questions of law and fact common to the proposed Class predominate over any questions

5 affecting only individual members of the proposed Class. Each member of the proposed Classes has

6 been damaged and is entitled to recovery by reason of Defendants' illegal policy and practice of,

7 *inter alia,* failing to compensate Plaintiff and the Class members for overtime, failing to provide

8 lawful meal and rest breaks, failing to provide complete and accurate wage statements, and failing to

9 pay all wages due upon termination and/or resignation of employment.

10      26.     Class action treatment will allow these similarly situated persons to litigate their

11 claims in the manner that is most efficient and economical for the parties and the judicial system.

12 Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

13 action that would preclude its maintenance as a class action.

14

15                          **FIRST CAUSE OF ACTION**

16                 **FOR FAILURE TO PAY ALL WAGES**

17           **(By Plaintiff and All Classes Against All Defendants)**

18      27.     Plaintiff realleges and incorporates herein by reference each of the allegations set

19 forth in the preceding paragraphs as though fully set forth herein.

20      28.     Labor Code § 204 requires Defendants to pay Plaintiff and the Class members all

21 wages due and owing no less than twice during each calendar month, on days designated in advance

22 by Defendants as regular paydays.

23      29.     Plaintiff is informed and believes and based thereon alleges that Defendants had a

24 policy and practice of failing to pay Plaintiff and the Class members all wages due and owing on the

25 regular paydays and/or at any time thereafter. Based thereon, Defendants failed to pay Plaintiff and

26 the Class members in accordance with Labor Code § 204.

27      30.     As a proximate result of Defendants' violation of Labor Code § 204, Plaintiff and the

28 Class members have been damaged in an amount to be proven at the time of trial. Plaintiff seeks

recovery of all earned but unpaid wages.

31.     Pursuant to Labor Code §§ 218.5 and 218.6, Plaintiff, on behalf of himself and the Class members, is entitled to recovery of attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FOR FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff and All Classes Against All Defendants)

32.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs as though fully set forth herein.

33.     California Labor Code § 510, subdivision (a) provides, in pertinent part:

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one

workday and any work in excess of 40 hours in any one workweek and the first eight hours

worked on the seventh day of work in any one workweek shall be compensated at the rate of

no less than one and one-half times the regular rate of pay for an employee. Any work in

excess of 12 hours in one day shall be compensated at the rate of no less than twice the

regular rate

34.     During the Class Period, Defendants required Plaintiff and the Class members to work more than eight (8) hours in one workday, more than forty (40) hours in any one workweek, and/or seven days in any one workweek.

35.     During the Class Period, Defendants have had a consistent policy and practice of failing to pay Plaintiff and the Class members in accordance with California state wage and hour laws by failing to pay all earned wages, including overtime wages, for all hours worked. Additionally, and as a result thereof, Defendants' policies and practices required employees to work for less than the minimum wage.

36.     As a result of Defendants' failure to pay all wages due and owing, Plaintiff and the Class members have been deprived of wages and/or overtime compensation in amounts to be determined at trial. Pursuant to Labor Code § 1194, Plaintiff and the Class members and are entitled to the unpaid balance of the full amount of the minimum wage and/or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

9

### THIRD CAUSE OF ACTION

### FOR FAILURE TO PROVIDE LAWFUL MEAL PERIODS AND

### FAILURE TO PAY MEAL PERIOD WAGES DUE

**(By Plaintiff and All Classes Against All Defendants)**

37. Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

38. During the Class period, Labor Code Sections 226.7 and 512 and the applicable IWC order applied to Defendants' employment of Plaintiff and the Class members. At all times relevant hereto, Labor Code Section 226.7 provided that no employer such as Defendants could require employees such as the Plaintiff and Class members to work during any meal period mandated by an applicable order of the IWC.

39. At all times relevant hereto, Labor Code Section 512 provided that an employer such as Defendants could not require or permit an employee such as the Plaintiff and Class members to work a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee. Further, at all times relevant hereto, Labor Code Section 512 provided that an employer such as Defendants could not require or permit an employee such the Plaintiff and Class members to work a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period is not waived. At all times relevant hereto, the applicable IWC order imposed the same meal period requirements on an employer such as Defendants.

40. During the Class period, Plaintiff and the Class were required by Defendants to work more than five (5) hours per day without a meal period break. Further, during the class period, Plaintiff and the Class were required by Defendants to work more than ten (10) hours per day without receiving a second meal period. Among other things, Defendants routinely did not provide

10

thirty-minute uninterrupted meal breaks.

41.     During the Class period, Defendants failed to compensate Plaintiff and the Class members for work performed during meal periods that were not provided and thereby violated Labor Code Sections 226.7 and 512 and the applicable IWC order. Accordingly, pursuant to Labor Code Section 226.7, Plaintiff and the Class are entitled to recover from Defendants one additional hour of pay at the Class members' regular rate of compensation for each work day that a meal period was not provided.

42.     As a result of Defendants' failure to provide lawful meal periods and pay meal period wages due and owing, Plaintiff and the Class members have been deprived of wages in amounts to be determined at trial. Pursuant to Labor Code § 1194, Plaintiff and the Class members and are entitled to the unpaid balance of the full amount of the minimum wage and/or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE LAWFUL REST BREAKS AND

### FAILURE TO PAY REST BREAK WAGES DUE

#### (By Plaintiff and All Classes Against All Defendants)

43.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

44.     During the Class period, Labor Code Sections 226.7 and the applicable IWC order applied to Defendants' employment of Plaintiff and the Class members. At all times relevant hereto, Labor Code Section 226.7 provided that no employer such as Defendants could require employees such as the Plaintiff and Class members to work during any rest period mandated by an applicable order of the IWC.

45.     At all times relevant hereto, the applicable IWC order required an employer such as the Defendants to provide to an employee such as the Plaintiff and Class members a ten (10) minute rest period for every four (4) hours worked, unless the employee's daily work time is less than three and one-half (3½) hours, and to provide such rest periods in the middle of each work period insofar

11

1   as is practicable.

2        46.   During the Class period, Defendants required Plaintiff and the Class members to

3   work in excess of four (4) hours without providing a ten (10) minute rest period.

4        47.   During the Class period, Defendants failed to compensate Plaintiff and the Class

5   members for work performed during rest periods that were provided and thereby violated Labor

6   Code § 226.7 and the applicable IWC order. Thus, pursuant to Labor Code § 226.7, Plaintiff and the

7   Class members are entitled to recover from Defendants one additional hour of pay at the Class

8   members' regular rate of compensation for each work day that a rest period was not provided.

9        48.   As a result of Defendants' failure to provide lawful rest breaks and pay rest break

10   wages due and owing, Plaintiff and the Class members have been deprived of wages in amounts to

11   be determined at trial. Pursuant to Labor Code § 1194, Plaintiff and the Class members and are

12   entitled to the unpaid balance of the full amount of the minimum wage and/or overtime

13   compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

14

15                 **FIFTH CAUSE OF ACTION**

16      **FOR FAILURE TO PAY WAGES TIMELY ON TERMINATION**

17   **(By Plaintiff and the Terminated Security Guard Subclass Against All Defendants)**

18        49.   Plaintiff realleges and incorporates herein by this reference each of the allegations set

19   forth in the above paragraphs as though fully set forth herein.

20        50.   During the Class period, Labor Code Sections 201 and 202 applied to Defendants'

21   employment of Plaintiff and the Class members. At all times relevant hereto, Labor Code § 201

22   requires that if an employer discharges a member of the Class, the wages earned and unpaid at the

23   time of discharge are due and payable immediately.  Further, Labor Code Section 202 provides that,

24   if an employee such as a member of the Class voluntarily leaves his or her employment, the wages

25   earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless

26   the employee had given seventy-two (72) hours pervious notice of this or her intention to leave in

27   which case the employee is entitled to receive his or her wages immediately at the time of quitting.

28   ///

51.     Plaintiff is informed and believes and based thereon alleges that during the Class Period, Defendants willfully failed to pay Plaintiff and the Class members, who are former employees, their earned and unpaid wages, either at the time of their discharge or within seventy-two (72) hours of their quitting. Defendant therefore violated Labor Code Sections 201 and 202.

52.     During the Class Period, Labor Code § 203 provides that if an employer such as Defendants fails to pay any wages of an employee who is discharged, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is therefore commenced, but the wages shall not continue for more than thirty (30) days. Accordingly, Plaintiff and the Class members who were discharged or who quit during the Class Period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days.

53.     As a result of Defendants' failure to provide lawful meal periods and pay meal period wages due and owing, Plaintiff and the Class members have been deprived of wages in amounts to be determined at trial. Pursuant to Labor Code § 1194, Plaintiff and the Class members are entitled to the unpaid balance of the full amount of the minimum wage and/or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiff and All Classes Against All Defendants)

54.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

55.     Labor Code § 226(a) requires Defendants to furnish to each employee at the time of each payment of wages an accurate itemized statement showing (1) gross wages earned, (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employees is paid on a piece-rate basis . . . (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and identifying number, (8) name and address of the legal entity that is the employer, and (9) all

13

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employees. Subdivision (a) of Labor Code section 226 further requires the employer to keep a record or copy of the itemized wage statement on file for at least three years at the place of employment or at a central location within the State of California.

56. IWC Wage Order 4-2001, Section 7(B) requires an employer at the time of each payment of wages to furnish to each employee an accurate itemized statement showing (1) all deductions, (2) the inclusive dates of the period for which the employee is paid, (3) the name of the employee or the employee's social security number, and (4) the name of the employer.

57. Pursuant to Labor Code § 226(e), an employee suffering an injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226, subdivision (a) is entitled to recover the greater of actual damages or $50 for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is also entitled to an award of costs and reasonable attorneys' fees.

58. Plaintiff is informed and believes and based thereon alleges that Defendants have knowingly and intentionally failed to comply with Labor Code § 226 and IWC Wage Order 4-2001, Section 7(B) by failing, *inter alia*, to provide accurate statements of the hours worked, hourly rates, and all wages due to Plaintiff and the Class members.

59. Plaintiff and the Class members have suffered injury as a result of Defendants' failure to comply with Labor Code § 226(a) and IWC Wage Order 4-2001, Section 7(B).

60. Based thereon, Plaintiff and the Class members seek penalties pursuant to Labor Code § 226(e), attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, et seq.

### (By Plaintiff and All Classes Against All Defendants)

61. Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

///

14

62.  Plaintiff brings this action on his own behalf, on behalf of the Class members, and on behalf of the general public, seeking equitable and statutory relief to stop the misconduct of Defendants, as complained of herein, and to compel the payment of restitution by Defendants of all sums acquired as a result of the unfair, unlawful and fraudulent business practices described herein.

63.  Defendants' conduct as herein alleged has damaged Plaintiff and the Class members by denying them wages due and payable, failing to timely pay wages due and payable, and by failing to provide proper wage statements.

64.  The willful and knowing conduct of Defendants as alleged herein, constitutes unfair, unlawful and/or fraudulent business practices, as set forth in California Business & Professions Code §§ 17200-17208.  Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

65.  Defendants' willful and knowing failure to adopt policies in accordance with and/or adhere to the California labor laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair, unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200 – 17208.

66.  Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff and the Class members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendants and as set forth in legislation and the judicial record.

67.  As a direct and proximate cause of Defendants' unfair, unlawful and/or fraudulent business practices, as set forth herein, Plaintiff and the Class members are entitled to restitution of all sums Defendants have wrongfully acquired, in an amount to be proven at the time of trial.

68.  In addition, Plaintiff on behalf of himself, the Class members, and the general public seeks an injunction prohibiting Defendants from continuing their willful and unlawful business practices, including, *inter alia*, failing to pay their security guard employees all wages and overtime wages timely.

15

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit 1 - Page 22

### EIGHTH CAUSE OF ACTION

### FOR PENALTIES PURSUANT TO THE LABOR CODE

### PRIVATE ATTORNEY GENERAL ACT

**(By Plaintiff and All Classes Against All Defendants)**

69.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

70.     Based on the acts alleged above, and on behalf of himself, the Class members, and the Labor and Workforce Development Agency ("LWDA"), Plaintiff seeks penalties under Labor Code §§ 2698 and 2699, *et seq.*, for Defendants' violation of Labor Code §§ 201- 204, 226(a), 226.7, and (e), 510, 512, and 1194.

71.     For each such violation, Plaintiff and the Class members are entitled to penalties in an amount to be shown at the time of trial calculated as follows:

a.   For $100 for the initial violation per employee per pay payment; and

b.   For $200 for each subsequent violation per employee per pay period.

72.     In compliance with Labor Code § 2698, Plaintiff KARAPETYAN sent a certified letter on September 8, 2014 to the Labor and Workforce Development Agency and Defendant setting forth the facts and theories supporting Plaintiff KARAPETYAN's allegation of the Labor Code violations by Defendants.

73.     Plaintiff has incurred attorneys' fees and costs, which he is entitled to recover pursuant to Labor Code Section 2699(g).

### RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of themselves and the Class members, pray for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1.     For an Order certifying the proposed Security Guard Class and Terminated Security Guard Subclass, as well as any other appropriate subclass(es) under Code of Civil Procedure § 382;

16

2.    For an Order appointing Plaintiff Vardan Karapetyan class representative on behalf of the Security Guard Class and the Terminated Security Guard Subclass;

3.    For an Order appointing Roxborough, Pomerance, Nye & Adreani, LLP, Felahy Trial Lawyers, APC, and Chakmakis & Associates as class counsel on behalf of all of the Classes;

4.    That Defendants are found to have violated California Labor Code § 204 by failing to timely pay Plaintiff and the Class members all wages due and owing;

5.    That Defendants are found to have violated California Labor Code §§ 510 and 1194 by failing to timely pay Plaintiff and the Class members overtime wages due and owing;

6.    That Defendants are found to have violated Labor Code § 226.7 and 512 by failing to provide lawful meal breaks and pay Plaintiff and the Class members wages due and owing for missed meal breaks;

7.    That Defendants are found to have violated Labor Code § 226.7 by failing to provide lawful rest breaks and pay Plaintiff and the Class members rest break wages due and owing for missed rest breaks;

8.    That Defendants are found to have violated California Labor Code §§ 201and 202 by willfully failing to timely pay wages due and owing on discharge or resignation to the Terminated Security Guard Subclass Members;

9.    That Defendants are found to have violated Labor Code § 226 by failing to provide accurately itemized wage statements to Plaintiff and the Class members;

10.    That Defendants are found to have violated Business and Professions Code § 17200, *et seq.* by failing, *inter alia,* to pay Plaintiff and the Class members' regular and overtime wages owing;

11.    Awarding Plaintiff and all Class members damages for the amount of unpaid regular and overtime wages owing;

12.    Awarding Plaintiff and all Terminated Security Guard Subclass members waiting time penalties pursuant to Labor Code § 203;

17

**FIRST AMENDED CLASS ACTION COMPLAINT**

Exhibit 1 - Page 24

13. That Defendants be ordered to pay restitution to Plaintiff and the Class members due to Defendants' unlawful activities, pursuant to Business & Professions Code § 17200, *et seq.*;

14. For an order enjoining Defendants from continuing their willful and unlawful business practices, including, *inter alia*, failing to pay their security guard employees all wages and overtime wages timely;

15. Awarding Plaintiff and the Class members attorneys' fees pursuant to Labor Code § 218.5, Labor Code § 226; Labor Code § 1194, Labor Code 2699(g), and/or Code of Civil Procedure § 1021.5;

16. Awarding Plaintiff and the Class members interest pursuant to Labor Code § 218.6 and Labor Code § 1194;

17. Awarding Plaintiff and the Class members all costs of suit incurred herein;

18. For all other Orders, relief, findings, and determinations identified and requested in this Complaint; and

19. For such other and further relief as the Court finds just and proper.


DATED:  October 12, 2014          ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP


                                  By: _____
                                      MICHAEL B. ADREANI
                                      MARINA N. VITEK
                                      Attorneys for Plaintiff  VARDAN KARAPETYAN
                                      and the Class

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/27/14                                                    **DEPT.**   310

HONORABLE KENNETH R. FREEMAN          JUDGE  R. ARRAIGA          DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
#7
             M. WEBB, C.A.          Deputy Sheriff  NONE          Reporter

---

BC559671                        Plaintiff
                                Counsel
VARDAN KARAPETYAN                              NO APPEARANCES
VS
ABM INDUSTRIES INC              Defendant
                                Counsel

Complex- 10-27-2014

---

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
January 23, 2015, at 9:00 a.m., in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

                Page    1 of  3    DEPT.  310        MINUTES ENTERED
                                                     10/27/14
                                                     COUNTY CLERK

Exhibit 1 - Page 26

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 10/27/14 | **DEPT.** 310 |
| HONORABLE KENNETH R. FREEMAN   JUDGE | R. ARRAIGA   DEPUTY CLERK |
| HONORABLE #7   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| M. WEBB, C.A.   Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| BC559671 | Plaintiff Counsel | NO APPEARANCES |
| VARDAN KARAPETYAN VS ABM INDUSTRIES INC | Defendant Counsel | |
| Complex- 10-27-2014 | | |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://courtnet/internet/civil/UI/ ToolsForLitigators2.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served this Minute Order and the Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to

Page   2 of 3   DEPT. 310

> MINUTES ENTERED
> 10/27/14
> COUNTY CLERK

Exhibit 1 - Page 27

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/27/14                                                                                    **DEPT.**   310

HONORABLE KENNETH R. FREEMAN          JUDGE | R. ARRAIGA          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM                   ELECTRONIC RECORDING MONITOR
#7
          M. WEBB, C.A.          Deputy Sheriff | NONE          Reporter

---

BC559671                              Plaintiff
                                      Counsel
VARDAN KARAPETYAN                                 NO APPEARANCES
VS                                    Defendant
ABM INDUSTRIES INC                    Counsel


Complex- 10-27-2014

---

**NATURE OF PROCEEDINGS:**

cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: October 27, 2014

Sherri R. Carter, Executive Officer/Clerk


BY: R. ARRAIGA, Deputy Clerk


Marina N. Vitek
ROXBOROUGH, POMERANCE, NYE & ADREANI LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, CA 91367


Page   3 of  3    DEPT.   310

```
MINUTES ENTERED
10/27/14
COUNTY CLERK
```

Exhibit 1 - Page 28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 2 7 2014

Sherri R. Carter, Executive Officer/Clerk
By: Roxanne Arraiga, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| VARDAN KARAPETYAN , et al.,<br><br>             Plaintiff,<br><br>vs.<br><br>ABM INDUSTRIES INCORPORATED, et al.,<br><br>             Defendants. | Case No. BC559671<br><br>INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to Judge Kenneth R. Freeman<br><br>Department: 310<br>Date:        January 23, 2015<br>Time:        9:00 a.m. |

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program.  An Initial Status Conference is set for January 23, 2015 at 9:00 a.m. in Department 310 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.

The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

describe the significant core issues in the case. Counsel then are to identify efficient ways to

resolve those issues.  The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

    **NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1].  Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

    **9.  CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

    **10.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

    **11.  DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on

---

[1] See Code Civ. Proc. § 437c, subd.(s)

discovery.   The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 310) prefers that the parties select:

- **Case Anywhere (http://www.caseanywhere.com).**

---

[2] See California Rule of Court, Rule 3.768.

-4-

The parties are not required to select Case Anywhere, but may chose instead either

■ File & Serve Xpress (https://secure.fileandservexpress.com) or

■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

---

[3] California Rule of Court, Rule 3.770(a)

-5-

1  to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

2  parties in managing this "complex" case through the development of an orderly schedule for

3  briefing and hearings on procedural and substantive challenges to the complaint and other issues

4  that may assist in the orderly management of these cases.  This stay shall not preclude the parties

5  from informally exchanging documents that may assist in their initial evaluation of the issues

6  presented in this case, however shall stay all outstanding discovery requests.

7       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

8  counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

9

10  service of this order. If any defendant has not been served in this action, service is to be completed

11  within twenty (20) days of the date of this order.

12       Dated: October 27, 2014

13

14                      **KENNETH R. FREEMAN**

15                      Judge Kenneth R. Freeman

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

**BC 5 5 9 6 7 1**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

OCT 0 6 2014
Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____.   SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06
For Optical Use

By   **Kristina Vargas** _____, Deputy Clerk

Exhibit 1 - Page 35

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**

**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

Exhibit 1 - Page 36

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                   FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| LACIV 229 (new) <br> LASC Approved 04/11 | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 1 of 2 |
|---|---|---|

Exhibit 1 - Page 37

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____               ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

_____               ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____               ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____               ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____               ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____               ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____               ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

LACIV 229 (new)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

Exhibit 1 - Page 38

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   I. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   III. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

Exhibit 1 - Page 39

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

iii.  Be filed within two (2) court days of receipt of the Request; and

iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

Exhibit 1 - Page 43

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:  _____          _____
                                                    JUDICIAL OFFICER

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Drew E. Pomerance, Esq (SBN 101239); Michael B. Adreani, Esq. (SBN 194991)<br>Marina N. Vitek, Esq. (SBN 183397)<br>Roxborough, Pomerance, Nye & Adreani, LLP<br>5820 Canoga Ave., Ste. 250, Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 992-9999    FAX NO.: (818) 992-9991<br>ATTORNEY FOR *(Name):* Plaintiff, Vardan Karapetyan and the Classes | **FOR COURT USE ONLY**<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 06 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Kristina Vargas, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Karapetyan v. ABM Industries Incorporated

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 559671 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ✓ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary    b. ✓ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 6, 2014
Marina N. Vitek
(TYPE OR PRINT NAME)    ▶ *[signature]* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Exhibit 1 - Page 45

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In Item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit 1 - Page 46

| SHORT TITLE: Karapetyan v. ABM Industries Incorporated | CASE NUMBER BC 5 5 9 6 7 1 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 30  ☐ HOURS/ ☑ DAYS.

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Exhibit 1 - Page 47

| SHORT TITLE: Karapetyan v. ABM Industries Incorporated | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | | |
| Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | | |
| Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | | | |
| Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | | |
| Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 | Quiet Title | 2., 6. |
| | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | | |
| Unlawful Detainer-Commercial<br>(31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential<br>(32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit 1 - Page 48

| SHORT TITLE: Karapetyan v. ABM Industries Incorporated | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Karapetyan v. ABM Industries Incorporated | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>ABM<br>1150 So. Olive Street, Suite 1900 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90015 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __October 6, 2014__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Exhibit 1 - Page 50

Local Rule 2.0
Page 4 of 4

# EXHIBIT 2

Exhibit 2 - Page 51

JS-6

1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   VARDAN KARAPETYAN, an
     individual appearing individually and
12   on behalf of others similarly situated,

13                         Plaintiff,

     v.
14
     ABM INDUSTRIES
15   INCORPORATED, a Delaware
     Corporation, ABM SECURITY
16   SERVICES, INC., a California
     Corporation, and DOES 2-50,
17   inclusive,

18                         Defendants.

19

20

21

22

23

24

25

26

27

28

CASE NO.  CV 14-9354-GW(Ex)

**JOINT ORDER DISMISSING CLASS
ACTION WITHOUT PREJUDICE**

**DATE:**       **July 16, 2015**
**TIME:**        **8:30 a.m.**
**CTRM:**        **10**
**JUDGE:**      **Hon. George H. Wu**

**ACTION FILED: October 6, 2014**

[PROPOSED] ORDER GRANTING MOTION TO DISMISS CLASS ACTION WITHOUT PREJUDICE

Exhibit 2 - Page 52

1    The Court, having considered the Stipulation of the Parties re Dismissal

2 Without Prejudice (Dkt. 37), the Motion to Dismiss and corresponding Tolling

3 Agreement (Dkt. 38), and the comments of counsel at the July 16, 2015 Scheduling

4 Conference (Dkt. 39), hereby ORDERS:

5

6   1.  This case is dismissed without prejudice, according to the terms of the

7      parties' stipulation and tolling agreement;

8   2.  This Court shall retain jurisdiction over this case;

9   2.  The Motion to Dismiss is moot and shall come off calendar.

10

11

12 DATED:  July 21, 2015

13          _____
           The Honorable George H. Wu

14          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS CLASS ACTION WITH PREJUDICE**

Exhibit 2 - Page 53

# EXHIBIT 3

Exhibit 3 - Page 54

# SEIBERT & BAUTISTA

100 PINE STREET • SUITE 1250 • SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE 415.954.9455 • FACSIMILE 415.494.8115

WWW.SSJBLAW.COM

August 4, 2014

**VIA U.S. CERTIFIED MAIL**

California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, California 95814

Re:   **Notice Pursuant to Labor Code Section 2699.3 of Violations of Labor Code by ABM Security Services, Inc. and ABM Onsite Services – West, Inc.**

Dear LWDA:

This letter is intended to comply with the requirements of Labor Code section 2699.3(a) with respect to notice of violations of the Labor Code by ABM Security Services, Inc. and ABM Onsite Services – West, Inc.

This office represents Michael Macaraeg, a former employee of ABM Security Services, Inc. and ABM Onsite Services – West, Inc. (collectively, "Employer"), who jointly acted as Mr. Macaraeg's employer. Please advise this office within the 30-day statutory period if the Agency will be investigating these matters. In the event the Agency does not proceed against Employer, Mr. Macaraeg will proceed with the filing of a representative civil action on behalf of current and former employees against Employer pursuant to Labor Code section 2698 *et seq.*

**Labor Codes Violated:**

The following Labor Code sections have been violated by Employer:

1. **Labor Code § 202** (requires payment to an employee of all wages earned and unpaid within 72 hours of separation when an employee voluntarily separates);

2. **Labor Code § 203** (assigns "waiting time" penalties in the amount of one day of wages for each day following the employee's last day of work in which the employee is not paid the full amount of wages owed);

3. **Labor Code § 204** (requires payment of all wages earned within a prompt and specified period);

4. **Labor Code § 221** (prohibits employers from collect or receiving from an employee any part of wages theretofore paid by said employer to said employee);

5. **Labor Code § 222** (prohibits withholding any part of agreed-upon wages from union employees);

Exhibit 3 - Page 55

6. **Labor Code § 226** (requires that employers provide and maintain copies of accurate, itemized wage statements);

7. **Labor Code § 226.3** (provides civil penalties for failure to maintain and provide copies of accurate, itemized wage statements);

8. **Labor Code § 1174** (requires that employers maintain accurate payroll records hours worked daily by and wages paid to employees at the employee's place of business or at a central location in California);

9. **Labor Code § 1194** (requires payment of at least the minimum wage fixed by the IWC);

10. **Labor Code § 1197** (prohibits payment of a wage less than the minimum wage fixed by the IWC);

11. **Labor Code § 1197.1** (provides civil penalties for paying an employee a wage less than the minimum wage fixed by the IWC);

12. **Labor Code § 1198** (requires employers to abide by the maximum-hour and labor conditions requirements set by the IWC orders); and

13. **Labor Code § 1199** (provides civil and criminal penalties for requiring employees to work longer hours than those fixed by the Commission or under conditions of labor prohibited by the Commission, or for paying an employee less than minimum wage).

**Facts & Theories:**

Employer provides private security services throughout California. Mr. Macaraeg was employed by Employer from December 2012 through March 31, 2014. Mr. Macaraeg is a member of the Service Employees International Union, United Service Workers West (SEIU-USWW), and his wages and health and welfare insurance benefits were established by the San Francisco Bay Area Master Collective Bargaining Agreement ("CBA") between Employer and other entities and the SEIU. At the time of separation, Mr. Macaraeg's pay rate was $14.15 per hour.

In January 2014, Mr. Macaraeg became eligible for health and welfare insurance benefits paid for in full by Employer. Prior to January 2014, Mr. Macaraeg had contributed $98.00 per pay period, via automatic deduction from his paycheck, for his health and welfare insurance benefits. Despite having enrolled in the Employer-paid benefits program on January 1, 2014, Employer continued deducting and withholding $98.00 from Mr. Macaraeg's wages each of the first three pay periods of 2014.

Though Mr. Macaraeg's repeated requests that Employer reimburse him for the amounts wrongfully withheld from his wages were met with assurances that Employer would do so, Employer to date has failed to reimburse any of the wages wrongfully withheld. Employer's

withholding of wages earned by and owed to Mr. Macaraeg and refusal to reimburse him for said wages is in violation of Labor Code sections 221 and 222.

In addition, Employer failed to compensate Mr. Macaraeg for the final seven (7) hours of work performed by Mr. Macaraeg. Mr. Macaraeg received his final paycheck on approximately April 10, 2014, and the paycheck did not reflect or compensate Mr. Macaraeg for the final seven (7) hours worked by him on March 31, 2014. In response to numerous oral and written requests submitted by Mr. Macaraeg, Mr. Macaraeg's former supervisor stated only that the matter would be reviewed by Employer's "payroll department," which is based in Houston, Texas. No further action was taken by Employer, and Mr. Macaraeg has not – more than four (4) months after separation – been compensated for his final seven (7) hours of work.

Employer's failure to compensate Mr. Macaraeg for seven (7) hours of work, failure to provide Mr. Macaraeg an accurate accounting of his hours worked and wages earned, failure to maintain Mr. Macaraeg's payroll records at his place of employment or other central location in California, and continued refusal to pay Mr. Macaraeg's wages through the present date are in violation of and/or make Employer liable for penalties under Labor Code sections 202, 203, 204, 226, 226.3, 1174, 1194, 1197, 1197.1, 1198, and 1199.

The foregoing is not intended as an exhaustive recitation of all facts and circumstances concerning this matter as further investigation and formal discovery will likely uncover additional claims and facts supporting Employer's liability. We write this letter subject to and without waiver of Mr. Macaraeg's rights and remedies, all of which we expressly reserve.

Thank you for your attention to this matter. If you have any questions, please contact me at the San Francisco number above.

Regards,

Shannon Seibert

cc:   ABM Security Services, through its Agent for Service of Process:
       C T Corporation System
       818 West Seventh Street, 2nd Floor
       Los Angeles, CA  90017
       *Via Certified Mail*

       ABM Onsite Services – West, Inc., through its Agent for Service of Process:
       C T Corporation System
       818 West Seventh Street, 2nd Floor
       Los Angeles, CA  90017
       *Via Certified Mail*

Page 3

Exhibit 3 - Page 57